IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| SANJAYKUMAR PATEL, | * | |
| Plaintiff, | * | |
| v. | * | |
| ALEJANDRO MAYORKAS, Secretary of Department of Homeland Security; MERRICK GARLAND, Attorney General of the United States; TRACY RENAUD, Senior Official Performing Duties of the Director for USCIS; Director for the New York Field Office for USCIS; and the United States of America, | * | CV 322-181 |
| Defendants. | * | |

ORDER

On December 16, 2022, Plaintiff Sanjaykumar Patel filed a complaint for declaratory and injunctive relief, seeking judicial review of the decision by the United States Citizenship and Immigration Services ("USCIS") to deny his application for Adjustment of Status. Specifically, Plaintiff had filed an Application to Register Permanent Residence or Adjust Status (Form I-485) under 8 U.S.C. § 1255.[1] His application was denied on

---

[1] Having married a United States Citizen, Plaintiff simultaneously filed a Petition for Alien Relative (Form I-130), which was granted on April 29, 2019.

September 30, 2020, because he had previously entered the United States unlawfully after being removed. His motion to reconsider the decision was also denied.

At present, Defendants have filed a motion to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted under Rule 12(b)(6). Because the Court lacks authority to hear the case, the motion to dismiss is granted.

Review of the case is statutorily foreclosed by 8 U.S.C. § 1252(a)(2)(B)(i), which provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, . . . **regardless of whether the judgment, decision, or action is made in removal proceedings**, no court shall have jurisdiction to review -- (i) any judgment regarding the granting of relief under . . . [section] 1255 of this title . . . .

Id. (emphasis added).[2]

In Patel v. Garland, 142 S. Ct. 1614 (2022), the United States Supreme Court explained that 8 U.S.C. § 1252(a)(2)(B)(i) precluded review of "any and all decisions relating to the granting or denying" of discretionary relief under § 1255. Id. at 1621-22 (citation omitted). Even though Patel arose through removal

---

[2] 8 U.S.C. § 1252(a)(2)(D) preserves judicial review in a narrow set of circumstances not present here.

2

proceedings, the Supreme Court noted that it is likely that its broad interpretation of the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B)(i) would "wholly insulate" from judicial review discretionary decisions of the USCIS made outside of the removal context. Id. at 1626-27.

As stated by our sister court, this Court "cannot ignore this latest guidance from the U.S. Supreme Court." Badra v. Jaddou, 2022 WL 4376331 (S.D. Fla. Sept. 22, 2022) (citing Patel to dismiss a complaint seeking review of the USCIS's decision to deny the plaintiffs' application for adjustment of status). Moreover, other courts have cited Patel to conclude that 8 U.S.C. § 1252(a)(2)(B)(i) strips courts of jurisdiction to review denials of discretionary relief under § 1255. See, e.g., Abuzeid v. Mayorkas, 62 F.4th 578, 581 (D.C. Cir. 2023) (holding that 8 U.S.C. § 1252(a)(2)(B)(i) "strips federal courts of jurisdiction to review 'any judgment' related to adjustment of status under § 1255 . . ."); Britkovyy v. Mayorkas, 60 F.4th 1024 (7th Cir. 2023); Atanasovska v. Barr, --- F. Supp. 3d ---, 2022 WL 17039146 (W.D. Tenn. Nov. 8, 2022); Navas v. Mayorkas, 2023 WL 2477614 (M.D. Fla. Mar. 13, 2023); Morina v. Mayorkas, 2023 WL 22617 (S.D.N.Y. Jan. 3, 2023) (pointing out that if 8 U.S.C. § 1252(a)(2)(B)(i) "was intended to apply only in removal proceedings, there would have been no need for Congress to state that it applied regardless of whether the judgment was reached in a removal proceeding").

3

Notably, the Eleventh Circuit had broadly applied the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B) prior to Patel in Daniel v. Castro, 662 F. App'x 645 (11th Cir. 2016) (affirming dismissal of a complaint seeking review of the USCIS's decision to deny an application for adjustment of status under the Cuban Refugee Adjustment Act); and Sillah v. Lara, 275 F. App'x 822 (11th Cir. 2008) (affirming dismissal of a complaint seeking mandamus relief from the USCIS's denial of an application for adjustment of status).  This binding precedent is indistinguishable from the case at bar.

In short, 8 U.S.C. § 1252(a)(2)(B)(i) bars judicial review of the denial of an adjustment-of-status application by the USCIS.  Accordingly, Defendants' motion to dismiss (doc. no. 5) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**ORDER ENTERED** at Augusta, Georgia this 27th day of July, 2023.

_____
UNITED STATES DISTRICT JUDGE